**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY JAQUEZ, | No. 12-16012 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00459-LDG |
| v. | |
| R. JOHNSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lloyd D. George, District Judge, Presiding

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges

California state prisoner Randy Jaquez appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Jaquez's action was time-barred, as all claims accrued more than four years before Jaquez filed his complaint. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (California has a two-year statute of limitations for personal injury claims; the limitations period may be tolled for an additional two years for prisoners); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (§ 1983 actions are governed by the forum state's statute of limitations; a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action; continuing impact from past violations does not cause a claim to accrue anew).

The district court properly denied Jaquez's motion to amend because the deficiencies in his complaint could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal of a pro se complaint without leave to amend is proper if the deficiencies in the complaint cannot be cured by amendment).

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**